UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

Indemnity Insurance Company of North America
a/s/o Egyptian Procurment Office,

               Plaintiff(s),

    -against-

M/V Honor NM607, et al.,

               Defendant(s).

-------------------------------------------------------------- x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/07

07 Civ. 5884 (CM) (MHD)

### ORDER RE SCHEDULING AND
### INITIAL PRETRIAL CONFERENCE

McMAHON, District Judge.

    This action having been assigned to me for all purposes, it is hereby,

    ORDERED as follows:

    1.    Counsel receiving this order shall promptly mail copies hereof to all other counsel of record or, in the case of parties for which no appearance has been made, to such parties.

    2.    Counsel for **all** parties are directed to confer regarding an agreed scheduling order.  If counsel are able to agree on a schedule **and the agreed schedule calls for filing of the pretrial order not more than six (6) months from the date of this order,** counsel shall sign and mail or fax **within forty-five (45) days from the date hereof** a consent order in the form annexed for consideration by the Court.  **The trial ready date shall be left blank.**  If such a consent order is not filed within the time provided, a conference will be held on 9/7/2007 in courtroom 21B, 500 Pearl Street, New York, New York 10007 at 11:15 a.m.

    3.    Any party desiring a conference with the Court for purposes of discussing settlement, narrowing of issues, or other pertinent pretrial matters may request a conference by letter.

    4.    If a motion is filed prior to the conference date, the parties must attend the conference, even if counsel consent to a scheduling order.  Upon request, the court will adjourn the conference until the motion is fully briefed.

    5.    Parties are to follow Judge McMahon's practice rules.  Those rules can be found on the Court's website www.nysd.uscourts.gov

                             _____
                             Hon. Colleen McMahon
                             United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_ _____ _____ _____ _____ _____ _____ _____X

Indemnity Insurance Company of North America
a/s/o Egyptian Procument Office,

                    Plaintiff(s),                  07  Civ. 5884 (CM) (MHD)

    -against-

M/V Honor NM607, et al.,

                    Defendant(s).

_ _____. _____ _____ _____ _____ _____X

CIVIL CASE MANAGEMENT PLAN
(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

    1. This case is/is not to be tried to a jury.

    2. Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by ____, _____, _.

    3. No additional parties may be joined after _____ _____ _____ _____ _____.

    4. No pleading may be amended after_____ _____ _____ _____.

    5. If your case is brought pursuant to 42 U.S.C. § 1983: In keeping with the United States
Supreme Court's observation that the issue of qualified immunity should be decided before
discovery is conducted, counsel representing any defendant who intends to claim qualified
immunity must comply with the special procedure set forth in Judge McMahon's individual
rules, which can be found at www.nysd.uscourts.gov.

    Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of
the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify
any party who is moving to dismiss on qualified immunity grounds.*

    6. All discovery, *including expert discovery*, must be completed on or before
____ _____ _____ _____ _____. (For personal injury, civil rights, employment
discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and
shall be completed by ___, _____, _____. PLEASE NOTE: the phrase "all discovery,

including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by _____ ____ ____ ; Defendant(s) expert report(s) by _____ ____ ____ .

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supercede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. This case has been designated to the Hon. United States Magistrate _____ ___ for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before _____ ___ . Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated:
       New York, New York


Upon consent of the parties:
[signatures of all counsel]


_____      _____


_____      _____


_____      _____


SO ORDERED:


_____
Hon. Colleen McMahon
United States District Judge