330-07/WLJ/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant American Roll-On Roll-Off Carrier, LLC
80 Pine Street
New York, New York 10005
(212) 425-1900

William L. Juska, Jr. (WJ 0772)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

INDEMNITY INSURANCE COMPANY OF            07 CV 5884 (CM)
NORTH AMERICA a/s/o EGYPTIAN
PROCUREMENT OFFICE,

                              Plaintiff,           **ANSWER TO COMPLAINT**

        -    against –

M/V HONOR NM 607, her engines, boilers,
tackle, furniture, apparel, etc., *in rem,*
AMERICAN ROLL-ON ROLL-OFF
CARRIER, LLC, *in personam,*

                           Defendants
------------------------------------------------------------x

        Defendant  AMERICAN  ROLL-ON  ROLL-OFF  CARRIER,  LLC  ("ARC"),

answering the Complaint herein alleges upon information and belief as follows:

   1) Denies knowledge or information sufficient to form a belief with respect to the

        allegations contained in Paragraph 1 of the Complaint.

   2) Admits that Defendant ARC is a corporation with an office and place of business

        located at 1 Maynard Drive, Park Ridge, New Jersey 07656 but except as

        admitted, denies the remaining allegations contained in Paragraph 2 of the

        Complaint.

   3) Denies the allegations contained in Paragraph 3 of the Complaint.

4) Admits that the Complaint alleges a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but, except as so admitted, denies the remaining allegations contained in Paragraph 4 of the Complaint.

5) Admits that on or about June 6, 2006, a consignment of military spare parts and equipment was delivered to ARC in Houston, Texas for transportation to Alexandria, Egypt and shipped under bill of lading US471804, but except as admitted, denies the remaining allegations contained in Paragraph 5 of the Complaint.

6) ARC admits the allegations in Paragraph 6 of the Complaint except to deny that the vessel's name is the M/V HONOR NM607, but rather that the vessel is named the M/V HONOR.

7) Denies the allegations contained in Paragraph 7 of the Complaint.

8) Denies the allegations contained in Paragraph 8 of the Complaint.

9) Denies the allegations contained in Paragraph 9 of the Complaint.

10) Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 10 of the Complaint.

11) Denies the allegations contained in Paragraph 11 of the Complaint.

12) Denies the allegations contained in Paragraph 12 of the Complaint.

13) Denies the allegations contained in Paragraph 13 of the Complaint.

14) Denies the allegations contained in Paragraph 14 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest nor proper Plaintiff to assert this claim.

## THIRD AFFIRMATIVE DEFENSE

Under the terms and conditions of certain contracts of carriage which govern the rights and liabilities herein, and/or the applicable law, the Answering Defendant is not liable and/or its liability is limited, including but not limited to $500 per package and/or customary freight unit.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint has been filed in an improper forum, contrary to the forum selection clause of the governing bill of lading and/or other terms and conditions set forth in the contracts of carriage.

## FIFTH AFFIRMATIVE DEFENSE

Any loss or damage to the shipment as alleged in the plaintiff's Complaint, which loss or damage is denied, was caused or contributed by Plaintiff and/or other third parties, and not by the Answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

As the shipment was carried from Houston, Texas to Alexandria, Egypt under bill of lading US471804, this action has been filed in an inconvenient forum.

## SEVENTH AFFIRMATIVE DEFENSE

If any shortage and/or damage was sustained by the shipment referred to in the Complaint, such shortage and/or damage was not caused by or contributed to by the Answering Defendant and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of the Answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage or damage was caused by or contributed to by the Plaintiff and/or others for whom the Answering Defendant is not liable.

### NINTH AFFIRMATIVE DEFENSE

If any shortage and/or damage was sustained by the shipment referred to in the Complaint, such shortage resulted from one of the excepted causes listed in COGSA or Hague Visby or other applicable legislation, the bill of lading and the applicable tariffs.

### TENTH AFFIRMATIVE DEFENSE

Any loss or damage to the shipment as alleged in the Complaint, which loss or damage is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vice of the goods, or insufficiency marks or specifications or by acts or omission of the shippers, or owners of the goods, their agents or representatives or other third parties, and not the Answering Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Due diligence was used to make the vessel seaworthy and to insure that it was properly manned, equipped and supplied, and to make parts of the ship in which the goods were carried, safe and fit for their reception, carriage and preservation in accordance with all applicable contracts and statutes. Accordingly, if the goods sustained any loss or damage while on board the vessel, due to any unseaworthiness of the vessel, which is denied, Answering Defendant is not under any liability therefore.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

**WHEREFORE**, Answering Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that costs and such other relief that this Court deems just and proper be awarded to Answering Defendant.

DATED:     New York, New York
               September 26, 2007

                        FREEHILL HOGAN & MAHAR, LLP
                        Attorneys for AMERICAN ROLL-ON
                        ROLL-OFF CARRIER, LLC

               BY:    _____
                        William L. Juska, Jr. (WJ 0772)
                        Pamela L. Schultz (PS 8675)
                        80 Pine Street
                        New York, New York 10005
                        Tel:  (212) 425-1900
                        Fax:  (212) 425-1901

TO:     Casey & Barnett, LLC
          Attorneys for Plaintiff
          317 Madison Avenue, 21st floor
          New York, New York 10017
          Attn:  Gregory G. Barnett, Esq.
          (212) 286-0225