330-07/WLJ/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant and
Third-Party Plaintiff
80 Pine Street
New York, New York 10005
(212) 425-1900
William L. Juska, Jr. (WJ 0772)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF      07 CV 5884 (CM)
NORTH AMERICA a/s/o EGYPTIAN
PROCUREMENT OFFICE,

                Plaintiff,        **THIRD-PARTY COMPLAINT**

   - against –

M/V HONOR NM 607, her engines, boilers,
tackle, furniture, apparel, etc., *in rem*,
AMERICAN ROLL-ON ROLL-OFF
CARRIER, LLC, *in personam*,

                Defendants
-----------------------------------------------------------x
AMERICAN ROLL-ON ROLL-OFF
CARRIER, LLC,

                Third-Party Plaintiff,

   -against-

PORTS AMERICA, INC. f/k/a P&O PORTS,

                Third-Party Defendant
-----------------------------------------------------------x

      Third-Party Plaintiff, AMERICAN ROLL-ON ROLL-OFF CARRIER, LLC. ("ARC"),

by its attorneys states as follows:

NYDOCS1/292573.1

Page 2

1. Third-Party Plaintiff is a corporation with an office and principal place of business located at 1 Maynard Drive, Park Ridge, New Jersey 07656.

2. Third-Party Defendant PORTS AMERICA, INC. f/k/a P&O Ports ("PORTS AMERICA") is a corporation organized and existing under the laws of Delaware, licensed to do business in the State of New York with a registered agent at CT Corporation System, 111 8th Avenue, New York, New York 10011.

3. Third-Party Defendant PORTS AMERICA is the successor in interest and/or was formerly known as P&O and has assumed and is therefore exposed for the obligations and debts of P&O, including but not limited to the subject matter of the Complaint and this Third-Party Complaint as more fully set forth below.

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the general maritime law of the United States.

5. Plaintiff, Indemnity Insurance Company of North America a/s/o Egyptian Procurement Office commenced the subject action in the United States District Court for the Southern District of New York by filing a complaint on June 21, 2007 against Defendant ARC. A copy of this complaint is annexed hereto as Exhibit A.

6. Attached hereto as Exhibit B is a copy of the Answer of Defendant ARC filed in the subject action.

7. The subject matter of the Complaint relates an alleged claim for damages to a cargo of military spare parts and equipment shipped from Houston, Texas to Alexandria, Egypt.

Page 3

8.   Pursuant to a contractual arrangement between Defendant/Third-Party Plaintiff ARC and Third-Party Defendant PORTS AMERICA, at that time under the name of P&O Ports ("P&O"), Third-Party Defendant agreed to provide loading services for the subject cargo at the port of Houston, Texas.

9.   In June 2006, the cargo described in the Complaint was delivered to Third-Party Defendant at the Port of Houston for loading on to the M/V HONOR.

10.   Third-Party Defendant breached its obligations under the above referenced contract and/or was negligent in its care, custody and handling of the subject shipment, all of which was the proximate cause of the alleged loss sustained by Plaintiff in the Complaint.

11.   If the Plaintiff suffered any shortage, loss, damage and/or non-delivery as alleged in the Complaint, which is denied, the said loss, damage and/or non-delivery were contributed to by the fault, negligence, carelessness, omission, breach of contract, breach of duty and/or breach of warranty (express or implied) on the part of Third-Party Defendant in its performance of its duties while the subject cargo was in its care, custody and/or control.

12.   As a consequence of the foregoing, if there is any liability on the part of Defendant/Third-Party Plaintiff ARC to the Plaintiff for the matters or things alleged in the complaint, Third-Party Defendant is liable Defendant/Third-Party Plaintiff ARC for indemnity and/or contribution, plus costs and attorneys fees, and/or is directly liable to the Plaintiff.

**WHEREFORE**, Defendant/Third-Party Plaintiff ARC prays that:

Page 4

Page 4

(a) process and due form of law may issue against the above referenced Third-Party Defendant citing it to appear and answer the matters set forth above and in the complaint of the Plaintiff, pursuant to Federal Rules of Civil Procedure 14(a) and 14(c), failing which a default will be entered against it;

(b) judgment may be granted in favor of Plaintiff directly against Third-Party Defendant pursuant to Rule 14(c) of the Federal Rules of Civil Procedure for the matters alleged in the complaint;

(c) Third-Party Plaintiff be granted indemnity and/or contribution from Third-Party Defendant for any and all amounts for which Defendant/Third-Party Plaintiff may be found liable to the Plaintiff, plus costs and attorney fees incurred in this action;

(d) Third-Party Plaintiff have such further and different relief as this court may deem just and proper in the premises, including but not limited to recovery of its costs, attorney fees and disbursements incurred in defending the action of the plaintiff.

Dated: October 26, 2007

                                  FREEHILL HOGAN & MAHAR, LLP
                                  Attorneys for Defendant and Third-Party Plaintiff

BY: _____
William L. Juska, Jr. (WJ 0772)
Pamela L. Schultz (PS 8675)
80 Pine Street
New York, New York 10005
Tel: (212) 425-1900
Fax: (212) 425-1901

TO: Casey & Barnett, LLC
       Attorneys for Plaintiff
       317 Madison Avenue, 21st floor
       New York, New York 10017
       Attn: Gregory G. Barnett, Esq.

Page 5

Ports America, Inc.
CT Corporation System
111 8th Avenue
New York, New York 10011.

Gregory G. Barnett (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o EGYPTIAN
PROCURMENT OFFICE

      Plaintiff,

 - against -

M/V HONOR NM607 her engines, boilers, tackle,
furniture, apparel, etc., in rem; AMERICAN ROLL-
ON ROLL-OFF CARRIER, LLC, in personam,

      Defendants.
------------------------------------------------------X



07 CIV 5884
2007 Civ.

COMPLAINT



   Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "INA" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against the M/V HONOR NM607 her engines, boilers, tackle, furniture, apparel, etc., *in rem* and American Roll-On Roll-Off Carrier, LLC, *in personam*, alleges upon information and belief as follows:

### PARTIES

  1.  At all material times, INA was and is an insurance company with an office at 140 Broadway, 40th Floor, New York, NY, 10005 and is the subrogated underwriter of Egyptian Procurement Office, who was the shipper of military spare parts and equipment, as more specifically described below.


EXHIBIT A

2. Upon information and belief, defendant, American Roll-On Roll-Off Carrier, LLC (hereinafter "AROC"), was and is a corporation with an office and place of business located at One Maynard Drive, Park Ridge, New Jersey 07656 and was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting as the owner, operator and/or manager of the M/V HONOR NM607, and as a common carrier of goods by water.

3. Upon information and belief, at all times hereinafter mentioned, defendant M/V HONOR NM607 (hereinafter "vessel"), was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation for hire and upon information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

## JURISDICTION

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States

## FACTS

5. On or about June 6, 2006, a consignment, consisting of military spare parts and equipment, then being in good order and condition, were delivered to the *in personam* defendants and/or their agents in Houston, TX, for transportation to Alexandria Egypt in consideration of an agreed upon freight, pursuant to American Roll-On Roll-Off Carrier, LLC bill of lading number US471804.

6. Thereafter, the cargo having been loaded aboard the *in rem* defendant, M/V HONOR NM607, the vessel sailed from the port of Houston, TX and discharged the cargo in Alexandria Egypt on or about June 30, 2006.

7. Following discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendant, but instead, had sustained damages during transit.

8. As a result of the damages sustained to the shipment, plaintiff sustained a loss in the amount of $ 169,104.00 for the repair of the cargo.

9. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unseaworthiness and bailment on the part of the defendants.

10. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

11. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

12. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $169,104.00

13. Plaintiff has a maritime lien against the M/V HONOR NM607 for the damages referred to herein and will enforce that lien in these proceedings.

14. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

WHEREFORE, Plaintiff prays:

1. In rem service of process be issued against the M/V HONOR NM607, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $169,104.00 with interest thereon and costs, the sums sued for in this Complaint;

3. The M/V HONOR NM607, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4. The Court order, adjudge and decree that defendants, American Roll-On Roll-Off Carrier, LLC be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
June 19, 2007
115-826

> CASEY & BARNETT, LLC
> Attorneys for Plaintiff
>
> By: _____
> Gregory G. Barnett (GGB-3751)
> 317 Madison Avenue, 21st Floor
> New York, New York 10017
> (212) 286-0225

330-07/WLJ/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant American Roll-On Roll-Off Carrier, LLC
80 Pine Street
New York, New York 10005
(212) 425-1900

William L. Juska, Jr. (WJ 0772)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF        07 CV 5884 (CM)
NORTH AMERICA a/s/o EGYPTIAN
PROCUREMENT OFFICE,

                        Plaintiff,          **ANSWER TO COMPLAINT**

    -  against –

M/V HONOR NM 607, her engines, boilers,
tackle, furniture, apparel, etc., *in rem*,
AMERICAN ROLL-ON ROLL-OFF
CARRIER, LLC, *in personam*,

                        Defendants
----------------------------------------------------------x

Defendant AMERICAN ROLL-ON ROLL-OFF CARRIER, LLC ("ARC"), answering the Complaint herein alleges upon information and belief as follows:

1) Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 1 of the Complaint.

2) Admits that Defendant ARC is a corporation with an office and place of business located at 1 Maynard Drive, Park Ridge, New Jersey 07656 but except as admitted, denies the remaining allegations contained in Paragraph 2 of the Complaint.

3) Denies the allegations contained in Paragraph 3 of the Complaint.

NYDOCS1/287564.1

**EXHIBIT B**

4) Admits that the Complaint alleges a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but, except as so admitted, denies the remaining allegations contained in Paragraph 4 of the Complaint.

5) Admits that on or about June 6, 2006, a consignment of military spare parts and equipment was delivered to ARC in Houston, Texas for transportation to Alexandria, Egypt and shipped under bill of lading US471804, but except as admitted, denies the remaining allegations contained in Paragraph 5 of the Complaint.

6) ARC admits the allegations in Paragraph 6 of the Complaint except to deny that the vessel's name is the M/V HONOR NM607, but rather that the vessel is named the M/V HONOR.

7) Denies the allegations contained in Paragraph 7 of the Complaint.

8) Denies the allegations contained in Paragraph 8 of the Complaint.

9) Denies the allegations contained in Paragraph 9 of the Complaint.

10) Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 10 of the Complaint.

11) Denies the allegations contained in Paragraph 11 of the Complaint.

12) Denies the allegations contained in Paragraph 12 of the Complaint.

13) Denies the allegations contained in Paragraph 13 of the Complaint.

14) Denies the allegations contained in Paragraph 14 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest nor proper Plaintiff to assert this claim.

## THIRD AFFIRMATIVE DEFENSE

Under the terms and conditions of certain contracts of carriage which govern the rights and liabilities herein, and/or the applicable law, the Answering Defendant is not liable and/or its liability is limited, including but not limited to $500 per package and/or customary freight unit.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint has been filed in an improper forum, contrary to the forum selection clause of the governing bill of lading and/or other terms and conditions set forth in the contracts of carriage.

## FIFTH AFFIRMATIVE DEFENSE

Any loss or damage to the shipment as alleged in the plaintiff's Complaint, which loss or damage is denied, was caused or contributed by Plaintiff and/or other third parties, and not by the Answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

As the shipment was carried from Houston, Texas to Alexandria, Egypt under bill of lading US471804, this action has been filed in an inconvenient forum.

## SEVENTH AFFIRMATIVE DEFENSE

If any shortage and/or damage was sustained by the shipment referred to in the Complaint, such shortage and/or damage was not caused by or contributed to by the Answering Defendant and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of the Answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage or damage was caused by or contributed to by the Plaintiff and/or others for whom the Answering Defendant is not liable.

### NINTH AFFIRMATIVE DEFENSE

If any shortage and/or damage was sustained by the shipment referred to in the Complaint, such shortage resulted from one of the excepted causes listed in COGSA or Hague Visby or other applicable legislation, the bill of lading and the applicable tariffs.

### TENTH AFFIRMATIVE DEFENSE

Any loss or damage to the shipment as alleged in the Complaint, which loss or damage is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vice of the goods, or insufficiency marks or specifications or by acts or omission of the shippers, or owners of the goods, their agents or representatives or other third parties, and not the Answering Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Due diligence was used to make the vessel seaworthy and to insure that it was properly manned, equipped and supplied, and to make parts of the ship in which the goods were carried, safe and fit for their reception, carriage and preservation in accordance with all applicable contracts and statutes. Accordingly, if the goods sustained any loss or damage while on board the vessel, due to any unseaworthiness of the vessel, which is denied, Answering Defendant is not under any liability therefore.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

**WHEREFORE**, Answering Defendant prays that Plaintiff's Complaint be dismissed with prejudice and that costs and such other relief that this Court deems just and proper be awarded to Answering Defendant.

DATED:   New York, New York
         September 26, 2007

                              FREEHILL HOGAN & MAHAR, LLP
                              Attorneys for AMERICAN ROLL-ON
                              ROLL-OFF CARRIER, LLC

                        BY:   _____
                              William L. Juska, Jr. (WJ 0772)
                              Pamela L. Schultz (PS 8675)
                              80 Pine Street
                              New York, New York 10005
                              Tel:  (212) 425-1900
                              Fax:  (212) 425-1901

TO:   Casey & Barnett, LLC
      Attorneys for Plaintiff
      317 Madison Avenue, 21st floor
      New York, New York 10017
      Attn: Gregory G. Barnett, Esq.
      (212) 286-0225

NYDOCS1/287564.1